UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY R. ROBERTS,

        Petitioner,

v.                           CAUSE NO. 3:19-CV-672-DRL-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Jeremy R. Roberts, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC 18-8-217) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of destroying state property in violation of Indiana Department of Correction Offenses 215. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time.

Mr. Roberts argues that he is entitled to habeas relief because the administrative record contained insufficient evidence to support a finding of guilt. He maintains that that the hearing officer should have credited his explanation that the window was broken before he moved into the cell, which was corroborated by statements from two other inmates.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer stated that he observed that Mr. Roberts' cell was missing a window. The administrative record also includes Mr.

Roberts' statement and two written statements from other inmates that the window was broken before Mr. Roberts moved into the cell. The court recognizes that the evidentiary basis for a finding of guilt is not robust—the conduct report does not indicate that the correctional officer personally observed Mr. Roberts commit the charged offense and is challenged by statements from three other witnesses. Nevertheless, the "some evidence" standard is not demanding, and the officer's statement that Mr. Roberts' cell was missing a window constitutes some evidence that Mr. Roberts broke the window. Therefore, the argument that the hearing officer lacked sufficient evidence for the disciplinary decision is not a basis for habeas relief.

Mr. Roberts argues that he is entitled to habeas relief because he did not have a lay advocate. He represents that he needed a lay advocate to clarify that the window was already broken when he moved into the cell. However, he did not present this argument in his appeal to the Warden of the Westville Correctional Facility (ECF 9-8 at 4), and the court cannot grant him relief on this basis because he did not exhaust his administrative remedies. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002) ("Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies.").

Additionally, "due process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). The record contains no indication that Mr. Roberts was illiterate, and the charged offense and the underlying facts are not particularly complex. Moreover, the administrative record demonstrates that, even without a lay advocate, Mr. Roberts was able to convey his position to the hearing officer and to gather and present evidence to

support his case. Therefore, the claim that Mr. Roberts should have received assistance from a lay advocate is not a basis for habeas relief.

Because Mr. Roberts has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Roberts wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jeremy R. Roberts leave to proceed *in forma pauperis* on appeal

SO ORDERED.

February 3, 2020 *s/ Damon R. Leichty*
Judge, United States District Court